# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2007

Charles R. Fulbruge III
Clerk

No. 06-50919

CYNTHIA MORGAN RIPPSTEIN

Plaintiff-Appellant

V.

GEOFFREY BARR

Defendant-Appellee

Appeal from the United States District Court
For the Western District of Texas
USDC No. 5:05-CV-234

Before DeMOSS, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Cynthia Rippstein appeals the district court's order granting summary judgment in favor of Comal County Assistant District Attorney Geoffrey Barr on Ms. Rippstein's 42 U.S.C. § 1983 claim. Ms. Rippstein brought suit against Barr and Comal County Constable Benny Scroggin on March 24, 2005, alleging that their attempted enforcement of a writ of execution against her husband's property violated her constitutional right to be free from unreasonable seizures.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court dismissed all claims against Barr, finding that he was entitled to qualified immunity. Ms. Rippstein timely appealed.

I.

This dispute arose out of an attempt to enforce of a writ of execution issued to seize property owned by Ms. Rippstein's husband, Van Rippstein. In 1991, a $610,000 civil judgment was entered against Van Rippstein. Mr. Rippstein thereafter married Appellant Cynthia Rippstein in 1994. Prior to the marriage, Van and Cynthia entered into a premarital agreement providing that their respective current and future property would remain separate. During the marriage, Ms. Rippstein acquired a number of valuable separate property assets, including several substantial gifts and inheritances from Mr. Rippstein's family. In 2003, Ms. Rippstein acquired real property located on Mountain Laurel Drive in New Braunfels, Texas, where the Rippsteins resided when Barr and Constable Scoggin attempted to enforce the writ. We note that Mr. Rippstein has acquired virtually no assets during the marriage.

In 2001, the owner of the 1991 judgment against Mr. Rippstein sought and received a writ of execution to satisfy the judgment, which was valued at over $1.9 million at the time of this suit. The creditor provided the writ to Constable Scoggin, who declined to execute it because his investigation failed to reveal any seizable property.

In June 2003, the judgment creditor assigned his interest in the judgment to TAPPS LLC. On September 2, 2003, TAPPS obtained a new writ of execution to enforce the judgment. The writ authorized any Texas sheriff or constable to levy any "of the Chattels, Personal Property or Real Estate, subject to execution by law of the said VAN JOHN HARPER RIPPSTEIN." On September 11, 2003, TAPPS's attorney sent Constable Scoggin a letter arguing that the Rippsteins' community property was subject to seizure, and urging Scoggin to execute the writ.

On September 12, 2003, ADA Barr requested a certified copy of the writ and explained to TAPPS that Constable Scroggin was not authorized to determine which property was subject to seizure under the writ. However, several days later, Barr advised Constable Scroggin that he could levy non-exempt community property titled in Ms. Rippstein's name pursuant to the Texas statutory presumption that property obtained during marriage is community property. See TEX. FAM. CODE § 3.003(a). On September 18, 2003, TAPPS's attorney sent Constable Scroggin a list of assets subject to seizure, and informed him that the Rippsteins' current residence on Mountain Laurel Drive was not their registered homestead.

On October 2, 2003, Constable Scroggin and other officers went to the Mountain Laurel property to execute the writ. Upon arriving, Constable Scroggin notified the Rippsteins of the writ and asked them to identify property subject to seizure. Ms. Rippstein informed Constable Scroggin that the Mountain Laurel property was her homestead and Mr. Rippstein informed Constable Scroggin that all of the property located there was his wife's separate property. Constable Scroggin posted a sign with the following language at the gate to the property: "NOTICE: THIS PROPERTY HAS BEEN SEIZED UNDER WRIT OF EXECUTION, CAUSE NO. 91-04777 BY COMAL COUNTY CONSTABLE PCT. 4, BEN SCROGGIN, DO NOT REMOVE UNDER PENALTY OF LAW."

Later the same day, Ms. Rippstein sought a temporary restraining order to stop the alleged seizure. The court granted Ms. Rippstein the restraining order, setting bond at $20,000. Ms. Rippstein was unable to post the bond at that time and returned to the Mountain Laurel property. Constable Scroggin ordered Ms. Rippstein and her husband not to leave the property and allegedly searched Ms. Rippstein's truck and purse when she did leave the property the next morning to post the bond. Once Ms. Rippstein posted the bond, Constable

Scroggin immediately withdrew his personnel, but left the above described sign posted at the property.

Ms. Rippstein brought a 42 U.S.C. § 1983 suit against Barr and Constable Scroggin, alleging that their actions resulted in a seizure of her person and her property that violated her Fourth and Fourteenth Amendment rights. Barr and Constable Scroggin moved for summary judgment on the basis of absolute and qualified immunity. In an October 6, 2005 Opinion and Order, the district court held that Barr was entitled to qualified immunity for his actions, but held that at least one claim could proceed against Constable Scroggin. By order dated June 19, 2006, the district court entered judgment against Ms. Rippstein on her claims against Barr in his individual capacity, and dismissed Barr from the suit. Ms. Rippstein timely appealed the judgment. Because the district court did not dismiss Constable Scroggin from the suit, he is not a party to this appeal.

## II.

We have reviewed the parties' briefs and the record, and have heard oral argument. Further, we have carefully considered the district court's well-reasoned Opinion and Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment. Based on our review, we affirm the judgment of the district court essentially for the reasons stated in its October 6, 2005 Opinion and Order.

AFFIRMED.

DENNIS, Circuit Judge, concurring separately.

I respectfully concur in the judgment. The majority reached the right result in granting qualified immunity to the defendant. I disagree with the district court opinion adopted by the majority in two respects.

First, the plaintiff's claim of a Fourth Amendment violation can be analogized to the situation in United States v. Certain Real Property Located near Highway 195, 163 F.3d 1295, 1298-301 (11th Cir. 1998), which supports the appellant's position that a seizure of real property occurred. While I believe a seizure occurred, I nevertheless agree with the majority in granting qualified immunity to the defendant, because, under the circumstances, seizure was not objectively unreasonable.

Second, I disagree with the majority in that the defendant probably did violate Fourteenth Amendment rights as the plaintiff alleges, but I agree with the majority in granting qualified immunity, because those rights were not clearly established at the time of the violation.